UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN S. MIGUEL                          :
                                        :
    v.                                  :   C.A. No. 15-281ML
                                        :
A.T. WALL                               :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On July 8, 2015, pro se Petitioner John S. Miguel filed a fifty-page, handwritten Petition for Writ of Habeas Corpus.  (Document No. 1).  Respondent, State of Rhode Island, filed a Motion to Dismiss the Petition.  (Document No. 5).  Petitioner objected (Document No. 6), and has filed three subsequent letters with the Court (Document Nos. 7, 8, 9).  The Motion to Dismiss was referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72.  After reviewing the Motion and Petition, I recommend that the Motion to Dismiss (Document No. 5) be GRANTED and that the Petition be DISMISSED.

**Background**

On January 16, 1992, Petitioner pled guilty to second degree murder in Rhode Island Superior Court and received a sentence of life imprisonment.  See Miguel v. State, 774 A.2d 19, 20-21 (R.I. 2001).  Petitioner subsequently filed several appeals to the Rhode Island Supreme Court, arguing that his intoxication during the crime created a "diminished capacity," thus warranting reduction of his sentence.  See State v. Miguel, 101 A.3d 880, 883-884 (R.I. 2014) (affirming the Superior Court's denial of Miguel's Rule 35 Motion to Reduce Sentence); Miguel v. State, 924 A.2d 3 (R.I. 2007) (denying appeal on res judicata grounds); Miguel v. State, 774 A.2d 19 (R.I. 2001) (rejecting defendant's allegations of diminished capacity and ineffective counsel).

On December 27, 2001, Petitioner filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in this Court.  See John S. Miguel v. A.T. Wall, C.A. No. 01-624T.  His 2001 case was dismissed. (See Document No. 23 in C.A. No. 01-624T).  His Appeal to First Circuit Court of Appeals was denied on April 8, 2003.  (See Document Nos. 42, 43 in C.A. No. 01-624T).  On April 15, 2010, Petitioner again filed an appeal to the First Circuit attempting to challenge the conviction.  The 2010 Motion was ultimately denied.  (See Document No. 44 in C.A. No. 01-624T) (denying motion for presenting a second or successive claim under 28 U.S.C. § 2244(b)(1)).

**Discussion**

The claim presented in this present Petition is that the Superior Court illegally and unconstitutionally found him guilty of second degree murder and imposed life imprisonment.  (See Document No. 1).  The State argues that the Petition is barred because it is an improper "second or successive habeas corpus application under Section 2254" pursuant to 28 U.S.C. § 2244(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, without exception, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior [federal] application shall be dismissed."  28 U.S.C. § 2244(b)(1) (emphasis added).  A second or successive habeas corpus application is one filed after a previous application by the same petitioner has been adjudicated on the merits.  Dickinson v. Maine, 101 F.3d 791 (1st Cir. 1996).  The AEDPA provides that before a "second or successive application" for habeas corpus relief is filed in the District Court, the applicant must obtain an order from the Court of Appeals authorizing the District Court to consider such application.  28 U.S.C. § 2244(b)(3)(A).  "This provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a successive or second habeas petition unless and until

the court of appeals has decreed that it may go forward." LeBlanc v. Wall, C.A. No. 05-294ML, 2005 WL 2972991 at *1 (D.R.I. Oct. 19, 2005) (emphasis in original) (citing Pratt v. United States, 129 F.3d 54, 55-57 (1st Cir. 1997)).

The instant petition constitutes a second or successive petition which this Court does not have jurisdiction to consider, absent authorization from the Court of Appeals. 28 U.S.C. 2244(b)(3)(A); See also Rule 9 of the Rules Governing § 2254 cases.  Because Petitioner has not obtained the necessary authorization from the Court of Appeals before filing the instant Petition, this Court may not rule on it.  Accordingly, I recommend that this action be dismissed pursuant to 28 U.S.C. § 2244(b)(1) as an improper "second and or successive" petition.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 3, 2015