UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN S. MIGUEL          :
                        :
      v.                :    C.A. No. 15-281ML
                        :
A.T. WALL               :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

    Before this Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Plaintiff's pro se Application to Proceed Without Payment of Fees and Affidavit. (Document No. 18).

    Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal in forma pauperis. In the present case, Plaintiff filed an application seeking pauper status, but has not satisfied any of the specific requirements of Fed. R. App. P. 24(a)(1). Fed. R. App. P. 24(a)(1)(A) requires that he show "in detail prescribed by Form 4 of the Appendix of Forms [his] inability to pay or give security for fees and costs." While he has submitted an Application, it does not contain a "statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts," as required by Form 4. Moreover, he failed to satisfy the requirements of Fed. R. App. P. 24(a)(1)(B) or (a)(1)(C) which require that he claim an entitlement to redress and state the issues he intends to present on appeal. Because he has failed to comply with these procedural requirements, I recommend his Application be DENIED.

    In addition to failing to properly present his Application, Plaintiff is also barred from pursuing his appeal in forma pauperis because his appeal is without merit. Plaintiff's right to appeal in forma pauperis is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma

pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous....An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, No. 04-380T, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff seeks to appeal the denial of his Petition for Writ of Habeas Corpus. (Document No. 1). As outlined in this Court's Report and Recommendation (Document No. 10) the instant Petition constitutes a second or successive petition which this Court does not have jurisdiction to consider, absent authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); See also Rule 9 of the Rules Governing § 2254 cases. Because the District Court held that it did not have jurisdiction over his Petition (Document No. 12), his proposed appeal is frivolous and indisputably meritless. Accordingly, I recommend that the District Court DENY his Motion to Appeal in forma pauperis.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 16, 2016